· FILED

01 OCT -5 PM 2: 27

MIDDLE DISTRICT OF COURT
TAMPA, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSE ANGEL ALVARADO, et al.,

    Plaintiff,

v.      Case No. 99-1726-Civ-T-30F

R & W FARMS; GLENN WILLIAMSON; and
FLORIDA PACIFIC FARMS, L.L.C.,

    Defendants.

8: 99-cv-1760-T-30(F)

---

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court upon Defendant's Dispositive Joint Motion for Summary Judgment (Dkt. #59), Plaintiff's Motion for Partial Summary Judgment (Dkt. #63) and the responses thereto. Oral arguments in this matter were heard on September 7, 2001. Having considered the Motions, responses, arguments of parties and having conducted an independent review of the case file, the Court concludes the Defendant's Motion for Summary Judgment should be granted.

### I.    FACTUAL BACKGROUND

Plaintiffs in this action are migrant farm workers from Mexico employed by defendants, Florida Pacific Farms, L.L.C., and Sleepy Creek Farms, Inc., during the 1998-1999 strawberry season. Plaintiffs allege a failure by Defendants to comply with the minimum wage provision of the Fair Labor Standards Act, 29 U.S.C. §206 (FLSA) during the first week of Plaintiff's employment. Specifically, Plaintiffs assert that Defendant's failure to reimburse Plaintiffs for the costs of the work visa, border crossing, transportation, and job referral fees during the first week of Plaintiff's

SCANNED  -1-  23

employment resulted in a constructive underpayment to the Plaintiffs, in violation of the FLSA[1]. Plaintiffs also contend that Defendants failed to provide transportation benefits to them as provided by their employment contract and 20 C.F.R. §655.102(b)(5).

Defendants in this case each obtained approval from the Department of Labor (DOL) for admission of workers under H-2A status, to be employed as agricultural workers during the 1998/1999 season. As part of Defendants' applications to the DOL, they completed "clearance orders," which specified the manner in which the workers were to be transported to Hillsborough County. Defendants offered transportation arrangements in compliance with the requirements of 20 C.F.R. §655.102(b)(5). The applications were completed by Florida Fruit and Vegetable Association (FFVA) on behalf of each of the defendants.

Defendants utilized the services of Bertha Cervantes of East Coast Travel, for assistance in recruiting Mexican workers. Cervantes maintained an office in Monterrey, Mexico, and conducted her recruitment from that location. Cervantes assembled the group of workers through a variety of means. Some workers contacted Cervantes directly, seeking employment opportunities. Defendants provided Cervantes with the names of contact persons in Mexico, some of whom Cervantes utilized. Cervantes also utilized her own local contacts during the recruiting process.

The workers were required to gather in Monterrey prior to traveling to Defendants' farms. Some workers were residing in Monterrey, and others had to travel from their home villages to Monterrey. Of the workers who gathered in Monterrey, some were interviewed by Cervantes, but

---

[1] The minimum wage at the time was $5.15 per hour. The workers were all paid in excess of the minimum wage, with wages ranging from $6.77 to $10.58 per hour, but the wages for the first week fell below minimum wage if the costs of transportation to get to the farm, which were paid by the workers, are considered a deduction from their first paycheck.

those who had been employed by the Defendants in previous seasons were not. Prior to arriving for work with the Defendants, the workers had to incur the following expenses:

> $130 for transportation from Monterrey to Florida
> $45 visa application
> $100 for the visa[2]
> Travel costs, if any, from their home villages to Monterrey
> $6 for issuance of a I-94 entry document at the border

In addition to the costs above, some workers paid additional recruitment fees to either Cervantes' assistant, Maria Del Carmen Gonzales-Rodriguez, or to local contact persons. Neither Cervantes, FFVA, Florida Pacific Farms nor Sleepy Creek Farms' personnel had any knowledge that such fees were being requested or paid.

In compliance with H-2A regulations, the Defendants each reimbursed the workers for their expenses for travel from Monterrey to Florida at the conclusion of half of the employment period. Workers who did not complete half of the employment period were not reimbursed for their travel expenses from Monterrey to Florida. At the conclusion of the contract period, Defendants provided workers with a bus ticket to Laredo, TX and $20.00 to be used for a bus ticket to Monterrey or another destination in Mexico. Workers who did not complete the contract period were not paid for their return transportation to Mexico.

## II. SUMMARY JUDGMENT STANDARD

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no

---

[2] Some also paid a $5.00 courier fee for visa delivery.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion. "The requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action identifies which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in his favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the non-moving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial

evidence to pose a jury question. <u>Verbraeken v. Westinghouse Elec. Corp.</u>, 881 F.2d 1041, 1045 (11th Cir. 1989).

### III. LEGAL ANALYSIS

#### A. Count I - Fair Labor Standards Act

The Plaintiffs allege that defendants violated the Fair Labor Standards Act (FLSA) by failing to provide remuneration for travel expenses incurred by the workers during the first week of employment. (Count I) [3] Defendants assert that travel expenses were provided in compliance with the applicable H-2A regulations, and that earlier reimbursement of the expenses was not required. The applicable portion of the H-2A regulations provides as follows:

> If the employer has not previously advanced such transportation and subsistence costs to the worker or otherwise provided such transportation or subsistence directly to the worker by other means and if the worker completes 50 percent of the work contract period, the employer shall pay the worker for costs incurred by the worker for transportation and daily subsistence from the place from which the worker has come to work for the employer to the place of employment.
>
> 20 CFR §§ 655.102

It is undisputed that each worker who completed half of the employment period was paid in accordance with the H-2A regulations. However, it is Plaintiff's position that the travel expenses

---

[3] For purposes of the FLSA standards, the Court considers the $130 for travel from Monterrey to Hillsborough County, the $100 Visa fee, the $45 visa application fee, the $5 courier fee and the $6 I-94 fee at the border to all be "travel expenses," subject to the same analysis.

incurred by the workers should be subtracted from the actual wages earned during the initial week of employment to obtain an accurate representation of the wages earned under the FLSA.

The Fair Labor Standards Act defines "wages" to include "the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, *or other facilities*, if such board, lodging, or other facilities are customarily furnished by such employer to his employees..." 29 U.S.C.A. §§ 203(m) (*emphasis added*). The Code of Federal Regulations interprets the term "facilities" used above as follows:

> (c) It should also be noted that under §§ 531.3(d)(1), the cost of furnishing "facilities" which are primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages. 29 CFR §§ 531.32

As such, the Court's principal inquiry becomes whether the costs incurred by the workers are properly classified as "facilities" which are primarily for the benefit or convenience of the employer.

Plaintiffs correctly point out that there is no legal difference between deducting a cost directly from the worker's wages, and shifting a cost which primarily benefits the employer to the employee to bear. Thus, the Court acknowledges that requiring workers to bear a cost which was principally a benefit to the employer would have the "defacto" effect of reducing wages. However, that analysis is only necessary if the costs incurred by the employee principally benefit the employer. If the costs fall outside of the scope of Section 203(m) of the FLSA and 29 C.F.R. 531.3(d), they are merely costs which were appropriately borne by the employees and should not be considered in an analysis of wages under FLSA.

The Fifth Circuit Court of Appeals considered a similar question in the case of Vega v. Gasper, 36 F.3d 417, (5th Cir. 1994). Gasper was a farm labor contractor who utilized seasonal workers for assistance in his chile pepper harvest. Id. at 423. Workers who sought employment with Gasper would travel from their homes in Mexico and assemble in El Paso, TX, from where they were bussed daily to Gasper's fields. Id. The trip to Gasper's fields took two-and-a-half-hours, and Gasper considered the workers hired once they boarded the bus. Id. The workers in Vega filed suit under the FLSA, asserting, among other things, that the defendant's failure to compensate them for their time traveling to and from work constituted a violation of the FLSA.

Although traveling costs were not at issue in the Vega case, the Court evaluated whether the transportation of the workers itself was principally for the benefit of the employer so that the time spent during transportation would be compensable:

> This Court traditionally has construed the term "principal activity" to include activities "performed as part of the regular work of the employees in the ordinary course of business...[the] work is necessary to the business and is performed by the employees, primarily for the benefit of the employer..." Id. citing Dunlop v. City Electric, Inc., 527 F.2d 394, 401 (5th Circuit 1976).

The Court concluded that the workers' travel was not a principal activity of employment and thus was not compensable time under the FLSA. Id. at 425. Under the Court's analysis the workers' travel was not an activity that primarily benefitted the employer.

In spite of Plaintiff's argument that this case is distinguishable from Vega, the Court finds the issues to be analogous. Although the workers in the instant case are focused on the travel *costs* incurred by the employee instead of wages for the travel *time*, the central issue in this case still stems from whether the workers' travel itself primarily benefits the employer. Based upon

the Court's holding in Vega, the Court finds that the travel expenses incurred by the Plaintiffs are not costs that principally benefit the employer and, thus, are not regulated by Section 203(m).

The Court acknowledges that its opinion is in conflict with that of the two district court opinions cited by the Plaintiffs, Marshall v. Glassboro, 1979 WL 1989 (D.N.J. 1979) (holding that deductions from worker's wages for transportation costs from Puerto Rico brought the wages below the minimum wage required by the FLSA) and Torreblanca v. Naas Foods, 1980 WL 2100 (N.D.Ind. 1980), (holding that deductions from workers wages for the cost of transportation reduced the workers net wages below the minimum wage). However, the Court notes that the propriety of considering travel costs in minimum wage calculations was not analyzed in depth by either court. Further, while the opinions of district courts are persuasive, this Court is bound by the opinions of the Courts of Appeal. The Court finds the opinions in Glassboro and Torreblanca to be in conflict with the reasoning of the Fifth Circuit in Vega. Thus, this Court adopts the reasoning of the Vega court, holding that the travel of seasonal migrant worker is not an activity the primarily benefits the employer.[4]

Arguing that the travel primarily benefits the employer, Plaintiffs also point out that the employer "badly needed the Plaintiffs to travel" to fill a labor shortage, and that Plaintiffs would have no desire to travel over 1000 miles from their homes absent the offer of employment. The Court acknowledges these to be logical premises, but also notes that the Plaintiffs apparently were so in need of employment that they voluntarily traveled such extended distances to obtain work. Essentially, Plaintiffs' logic runs both directions; it appears that Defendants needed Plaintiffs no

---

[4] The Plaintiff has also provided opinion letters from the Department of Labor which support Plaintiff's arguments. The Court may not consider these letters as a part of the summary judgement decision, pursuant to Fed.R.Civ.P. 56.

more than Plaintiffs needed Defendants. The travel benefitted the workers at least as much as it benefitted the employer.[5]

Since the Court concludes that the travel expenses do not principally benefit the employer, the expenses should not be factored into an analysis of the workers' wages. If the travel expenses are not subtracted from the wages earned, it is undisputed that the plaintiffs were paid in excess of minimum wage at all times during their employment with defendants. It is also undisputed that the Defendant adhered to the H-2A regulations regarding travel expenses. As a result, this Court finds that Defendants were not in violation of the FLSA by waiting until half of the contract period elapsed prior to reimbursing the workers' expenses for travel to Hillsborough County.[6]

Plaintiffs also seek reimbursement for fees paid to third-party recruiters by the workers. The Defendant hired Bertha Cervantes of East Coast travel to perform recruiting functions, and paid Cervantes $50 per employee recruited for her services. In addition to the fees paid to Cervantes by Defendants, some workers paid additional recruitment fees to either Cervantes' assistant, Maria Del Carmen Gonzales-Rodriguez, or to local contact persons. Neither Cervantes, FFVA, Florida Pacific Farms nor Sleepy Creek Farms' personnel had any knowledge that such fees were being requested or paid.

---

[5] The Court also notes that to adopt Plaintiffs' reasoning would require employers to reimburse travel costs such as these at the very moment work commenced to avoid violating the FLSA. The FLSA balances the protection of the employee with that of the employer. In this case, the employer must have some guarantee that the worker whose travel costs have been paid will remain at Defendants farm and perform labor under the terms of the contract. Delaying reimbursement until half of the contract has been performed provides exactly that protection.

[6] The Court is also unpersuaded by the provisions of Mexican Labor Law cited by Plaintiffs. It is not within the purview of this Court to interpret or enforce the laws of other countries.

Defendants cite the case of Reich v. Japan Enterprises, 91 F.3d 154, 1996 WL 387667, (9th Cir. (N. Mariana Island) 1996) to support the proposition that recruitment fees are not reimbursable costs.[7] The court in Japan Enterprises states:

> An employer may not require employees to make payments for "facilities" that would reduce their hourly pay below the minimum wage. 29 C.F.R. §§ 531.3(d). The government argues that the defendants are obliged to reimburse the employees for their recruitment costs, but cites no case, statute or regulation that requires an employer to pay recruiting costs to a third-party recruiter. Id. at 4.

The court goes on to conclude that the employers are not responsible for payment of recruitment costs. Id. Further, the Court is not inclined to penalize the employer for practices of which it is unaware and over which it has no control, absent a showing that the abuses in question could reasonably have been avoided by the employer. There is no such showing here. In fact, the employers here had specifically instructed Cervantes that no additional fees were to be charged. The Court finds that recruitment fees paid to third-party recruiters in this case are not reimbursable expenses.

### B.   Count II - Breach of Contract

The Plaintiffs next contend that Defendant's breached the Clearance Order contract by failing to reimburse workers for expenses incurred between their home villages and Monterrey. The language used in the Clearance Orders in this regard is taken from 20 C.F.R §§ 655.102, which states that the employer shall reimburse the worker for travel expenses "from the place from which the worker has come to work for the employer to the place of employment." Plaintiff

---

[7] The Court acknowledges that the Japan Enterprises opinion is unpublished. However, the reasoning in Japan Enterprises remains persuasive as it applies to a situation similar to the case at bar.

argues that the workers came to work for the employer from their respective home villages, and are entitled to reimbursement under the terms of the clearance order. Defendants argue that the workers "came from" Monterrey, the point of hire.

It is undisputed that the workers gathered in Monterrey. While there, the workers completed all necessary immigration paperwork and underwent interviewing, if required. The workers who assembled in Monterrey were not guaranteed employment. Some participated in screening interviews by Cervantes, and all had to obtain a visa in order to enter the United States. If a worker did not satisfactorily complete these precedents to employment, he or she would not have been hired. Thus, the Court concludes that the employment relationship began in Monterrey, and prior expenses would not be reimbursable under the terms of the contract. In essence, the travel from their homes villages, interviewing, and paperwork were preliminary steps the workers had to take prior to becoming eligible for hiring. The clearance order itself was an agreement between the employer and the employees, not between the employer and all potential candidates for employment. Thus, the contract itself did not commence until the employment relationship developed in Monterrey.

While the Court need not consider the intent of the parties when the contractual terms are unambiguous, it bears noting that the workers were informed by Cervantes that travel expenses would be reimbursed only from Monterrey to Hillsborough County. It is clear that both Plaintiffs and Defendants entered the Clearance Order agreement with the understanding that costs incurred before reporting to Monterrey were not to be reimbursed. Plaintiffs would have the Court now draw a different meaning from the contract than the meaning which was clearly intended by the parties. The Court declines to do so. Instead, the Court considers the terms of the contract to be clear, and to call for reimbursement from Monterrey to Hillsborough County.

The Court finds that Defendants acted in compliance with federal regulations regarding transportation of H-2A workers. The Court also finds that the worker's wages were in excess of

the minimum wage, and that the travel expenses incurred by Plaintiff's were appropriately reimbursed by Defendants after half of the contract period. Additionally, Defendants complied with the terms of the Clearance Order, and have not breached their contract with the Plaintiffs.

Accordingly, it is **ORDERED** and **ADJUDGED**

1. Defendant's Dispositive Joint Motion for Summary Judgment (Dkt. #59) is **GRANTED**. The clerk is directed to close the case, terminate all pending motions, and enter summary final judgment in favor of Defendants.

2. Plaintiff's Motion for Partial Summary Judgment (Dkt. #63) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2001.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Date Printed: 10/09/2001

Notice sent to:

Gregory Scott Schell, Esq.
Florida Rural Legal Services
406 SE Ave. E., Suite 102
P.O. Box 2110
Belle Glade, FL   33430

Patrick J. Walsh, Esq.
Florida Legal Services
P.O. Box 2110
Belle Glade, FL   33430

Edward Tuddenham, Esq.
Law Office of Edward Tuddenham
1203 Newning Ave.
Austin, TX   78704

David J. Stefany, Esq.
Allen, Norton & Blue, P.A.
324 S. Hyde Park Ave., Suite 350
Tampa, FL   33606

Carey R. Singletary
Law Office of Carey R. Singletary
509 E. Jackson St.
Tampa, FL   33602